

Gerald C. Mann
●●●●●●●●●●●●●
PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Honorable A. J. Bryan, Jr.
District Attorney
Hillsboro, Texas

Dear Sir:

Opinion No. O-1639
Re: May a rural high school district
formed by grouping subsequent-
ly add another district to the
group upon an ordered entered
by the county board of school
trustees without an election?

We have your letter of October 27, 1939, setting out
facts briefly stated in substance as follows:

On October 1, 1938, your county board of school trus-
tees, pursuant to a petition by the members of the School Board of the
Union Hill School District No. 68, agreed to by the Trustees of the Blum
Rural High School District No. P, entered an order grouping the Union
High School District No. 38, technically termed an independent school
district but functioning as and regarded as a common school district
with one hundred scholastics, with the Blum High School District No. P,
which had been in existence as a rural high school district since May
24, 1929, having been formed at that time by grouping several districts
under authority of Article 2922a, Vernon's Annotated Civil Statutes,
and now having three hundred and sixty two scholastics.

Subsequent to the order of October 1, 1938, grouping
the districts as aforesaid, an election was held to determine whether
or not the indebtedness of the Blum District and the Union District
should be spread over the entire district and resulted favorably to the
spreading of the indebtedness.

Based upon the facts stated above you request our
opinion upon the following question:

"Did the County Board of School Trustees have the power and authority to group the Union Hill District with the Blum Rural High School District for rural high school purposes without an election?"

The facts as stated by you show the affected districts to be within the population brackets fixed by article 2922a, Vernon's Annotated Civil Statutes since Blum Rural High School District No. P., having been formed by grouping and not by annexation of territory, is classed as a common school district as provided for by article 2922b, Vernon's Annotated Civil Statutes.

We are assuming that the newly grouped district does not contain a greater area than one hundred square miles as in that event Article 2922c would apply and an election would have to be held.

We believe that the opinion rendered by the Waco Court of Civil Appeals in County Board of School Trustees of Limestone County, et al. v. Wilson et al., 15 S.W. (2d) 144, is controlling on the question you have presented to us. The portion of the Court's opinion applicable to your question is as follows:

"The provisions of chapter 19A, being remedial in their nature, should be liberally construed with a view of correcting the conditions sought to be remedied, and effectuating the intention of the Legislature in enacting said chapter. To accomplish such intention, it is thought said board should have the authority, after grouping certain districts, to add to the district thus formed, by again grouping or annexing other districts as provided in article 2922a; . . ."

Since the district grouped October 1, 1938, by order of the county board of school trustees was formed by grouping and not by consolidation, it is our opinion that the provisions of Article 2922a, Vernon's Annotated Civil Statutes, would be applicable, not those of article 2922a.

Districts grouped under article 2922a are composed of integral elementary school districts, which under the provisions of said article may in certain situations revert back to their original status, while school districts consolidated under Article 2922aa shall as set out in said article "become a part of said rural high school district for all intents and purposes as though it were originally a part of said district."

This being true our answer to your question is that the county board of trustees had the power and authority to group the districts in question without an election.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

/s/ E. R. Simmons

By

E. R. Simmons
Assistant

ERS:AMM:erc

APPROVED DEC 20, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY B. W.B., CHAIRMAN